IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAFAEL PONCE AGUIRRE, Individually and as the Natural and Sole Surviving Parent of ANDREA C. BERMUDEZ (PONCE), Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>WENDELL OLIVER HACKNEY, M.D., CLINICA DE LA MAMA, INC., BRAD BOOTSTAYLOR, M.D., ATLANTA PERINATAL ASSOCIATES, P.C., SWAPNA MADHAVAN, M.D., and GEORGIA HIGHLANDS MEDICAL SERVICES, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

NOW COMES the United States Attorney seeking to remove to this Court pursuant to 28 U.S.C. § 2679(b) and 42 U.S.C. § 233(c) the lawsuit styled <u>Rafael Ponce Aguirre, Individually and as the Natural and Sole Surviving Parent of Andrea C. Bermudez (Ponce), His Deceased Daughter v. Wendell Oliver Hackney, M.D., Clinica de la Mama, Inc., Brad Bootstaylor, M.D., Atlanta Perinatal Associates, P.C., Swapna Madhavan, M.D., and Georgia Highlands Medical Services, Inc.,</u> State

Court of Fulton County, State of Georgia, Case No. 10EV009572H (filed on March 10, 2010), and respectfully shows this court as follows:

1.

Defendants Georgia Highlands Medical Services, Inc. and Swapna Madhavan were served with a summons and complaint on approximately March 11, 2010. A copy of the summons and complaint are attached hereto as Exhibit A.

2.

Plaintiff in this action seeks judgment for damages from the named defendants as a resulting of the performance of medical, surgical, dental or related functions as defined by 42 U.S.C. § 233(a). Defendant Swapna Madhavan is an employees of the Georgia Highlands Medical Services, Inc., a federally supported health center covered by the Public Health Service Act, 42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub. L. 104-73). Georgia Highlands Medical Services, Inc. was deemed eligible for Federal Tort Claims Act coverage on January 1, 2007 and renewed its deemed status on January 1, 2008. Defendants were deemed to be federal employees covered by 42 U.S.C. § 233(a) for acts and omissions that occurred after January 1, 2008.

3.

The applicable version of 42 U.S.C. § 233(a) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

Upon certification by the Attorney General or his designee that the defendants were acting within the scope of their federal employment at the time of the incident out of which the lawsuit arose, the action is deemed one against the United States, and the United States must be substituted as a defendant in place of the named defendants. 42 U.S.C. § 233(c).

4.

The above-captioned action is one which may be removed without bond to this court at any time before trial pursuant to 42 U.S.C. § 233(c).

5.

Attached hereto as Exhibit B is a certification signed by the United States Attorney for the Northern District of Georgia, that defendants Georgia Highlands Medical Services, Inc. and Swapna Madhavan were acting within the scope of their federal employment at the time of acts and omissions alleged in the lawsuit.

WHEREFORE, defendants Georgia Highlands Medical Services, Inc. and Swapna Madhavan pray that the above-styled case now pending in the State Court of Fulton County, State of Georgia, be removed therefrom to this court.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

LISA D. COOPER
ASSISTANT U.S. ATTORNEY

600 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6249 tel.
(404) 581-6150 fax
Ga. Bar No. 186165

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

_____
S/LISA D. COOPER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 186165

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

I also certify that I have this day served this Notice of Removal by depositing a copy thereof in the United States Mail and addressed as follows:

>Darren W. Penn
>Jed D. Manton
>Harris Penn & Lowry, LLP
>The Biltmore, Suite 1105
>817 West Peachtree Street
>Atlanta, GA 30308

This 7th day of May, 2010.

_____
S/ LISA D. COOPER
Assistant U.S. Attorney