State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 29982861
Date: Mar 10 2010 2:33PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RAFAEL PONCE AGUIRRE, INDIVIDUALLY AND AS THE NATURAL AND SOLE SURVIVING PARENT OF ANDREA C. BERMUDEZ (PONCE), HIS DECEASED DAUGHTER;<br><br>Plaintiff,<br><br>v.<br><br>WENDELL OLIVER HACKNEY, MD; CLINICA DE LA MAMA, INC.; BRAD BOOTSTAYLOR, MD; ATLANTA PERINATAL ASSOCIATES, P.C.; SWAPNA MADHAVAN, MD; AND GEORGIA HIGHLANDS MEDICAL SERVICES, INC.<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>10EV009572H<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Rafael Ponce Aguirre, Individually and as the natural and sole surviving parent of Andrea C. Bermudez (Ponce) ("Plaintiff"), files this Complaint for Damages and Demand for Jury Trial by showing the following:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff, Rafael Ponce Aguirre ("Mr. Ponce") is the natural and sole surviving parent of Andrea C. Bermudez (Ponce) ("Baby Andrea"). This action is brought under Georgia's Wrongful Death Statute. Plaintiff submits to the jurisdiction and venue of this Court.



EXHIBIT A

1

2.

Defendant Wendell Oliver Hackney, MD ("Dr. Hackney"), an adult individual, is a resident and citizen of Georgia and resides at 3505 Somerset Trail SW, Atlanta, Fulton County, GA 30331-7936. At all times pertinent hereto, Dr. Hackney has been engaged in the practice of medicine, with an office and place of business located in Georgia at 315 Boulevard NE Suite 336 Atlanta, Fulton County, GA 30312-1221, and he can be served with a Summons and Complaint at either address.

3.

At all times pertinent hereto, Dr. Hackney was engaged in the practice of medicine, pursuing the specialty of obstetrics/gynecology, and was obliged to bring to bear during the practice of his profession the professional skills, knowledge and experience which he possessed and/or was obliged to possess, and to pursue his profession in accordance with reasonably safe and acceptable standards of medicine, in general, and obstetrics/gynecology, in particular.

4.

Defendant Clinica De La Mama, Inc., ("Clinica De La Mama"), is a business entity, organized and existing under pursuant to the laws of the State of Georgia, with its business located at 4166 Buford Highway Northeast, Atlanta, DeKalb County, GA 30345-1087, and may be served with process by delivering Summons and a copy of this Complaint to its registered agent for service of process, William C. Tinsley, II, 3600 Mansell Rd., Ste. 300 Alpharetta, Fulton County, GA 30022.

5.

At all times pertinent hereto, Clinica De La Mama held itself out in the community as being a fully capable and competent medical practice, serving needs of patients in the Atlanta area such as Adela Luquin Bermudez Ponce ("Ms. Ponce"), Baby Andrea's mother and Mr. Ponce's deceased wife.

6.

At all times pertinent hereto, Dr. Hackney was an actual and/or ostensible agent, servant and/or employee of Clinica De La Mama, and acting in such capacity. As such Clinica De La Mama is liable to the Plaintiff for Dr. Hackney's negligent acts as well as the negligent acts of other healthcare providers that treated Ms. Ponce as actual and/or ostensible agent, servant and/or employee of Clinica De La Mama, which include, but are not limited to, individuals in the Clinica De La Mama medical records with the initials of "M.P", "P.T."

7.

Defendant Brad Bootstaylor, MD ("Dr. Bootstaylor"), an adult individual, is a resident and citizen of Georgia and resides at 224 The Prado NE Atlanta, Fulton County, GA 30309-3336. At all times pertinent hereto, Dr. Bootstaylor has been engaged in the practice of medicine, with an office and place of business located in Georgia at 2665 North Decatur Road, Suite 710, Decatur, Georgia 30033, and he can be served with a Summons and Complaint at either address.

8.

At all times pertinent hereto, Dr. Bootstaylor was engaged in the practice of medicine, pursuing the specialty of obstetrics/gynecology, and was obliged to bring to bear during the

3

practice of his profession the professional skills, knowledge and experience which he possessed and/or was obliged to possess, and to pursue his profession in accordance with reasonably safe and acceptable standards of medicine, in general, and obstetrics/gynecology, in particular.

9.

Defendant Atlanta Perinatal Associates, P.C. ("Atlanta Perinatal"), is a business entity, organized and existing under pursuant to the laws of the State of Georgia, with its business located at 2665 North Decatur Road, Suite 710, Decatur, DeKalb County, Georgia 30033, and may be served with process by delivering Summons and a copy of this Complaint to its registered agent for service of process, Cheryl Richardson, 707 Whitlock Ave, Suite G5, Marietta, Cobb County, GA 30064.

10.

At all times pertinent hereto, Atlanta Perinatal held itself out in the community as being a fully capable and competent medical practice, serving needs of patients in the Atlanta area such as Adela Luquin Bermudez Ponce ("Ms. Ponce"), Baby Andrea's mother and Mr. Ponce's deceased wife.

11.

At all times pertinent hereto, Dr. Bootstaylor was an actual and/or ostensible agent, servant and/or employee of Atlanta Perinatal, and acting in such capacity. As such Atlanta Perinatal is liable to the Plaintiff for Dr. Bootstaylor's negligent acts as well as the negligent acts of other healthcare providers that treated Ms. Ponce as actual and/or ostensible agent, servant and/or employee of Atlanta Perinatal.

12.

4

Defendant Swapna Madhavan, MD ("Dr. Madhavan") an adult individual, is a resident and citizen of Georgia and resides at 4315 Wykeshire Ct, Cumming, Forsyth County, Ga 30041-5832. At all times pertinent hereto, Dr. Madhavan has been engaged in the practice of medicine, with an office and place of business located in Georgia at 260 Elm Street Cumming, Forsyth County, Ga 30040, and he can be served with a Summons and Complaint at either address.

13.

At all times pertinent hereto, Dr. Madhavan was engaged in the practice of medicine, pursuing the specialty of family/internal medicine, and was obliged to bring to bear during the practice of his profession the professional skills, knowledge and experience which he possessed and/or was obliged to possess, and to pursue his profession in accordance with reasonably safe and acceptable standards of medicine, in general, and family/internal medicine, in particular.

14.

Defendant Georgia Highlands Medical Services, Inc. ("Highlands Medical"), is a business entity, organized and existing under pursuant to the laws of the State of Georgia, with its business located at 260 Elm Street, Cumming, Forsyth County, GA 30040, and may be served with process by delivering Summons and a copy of this Complaint to its registered agent for service of process,

Carlos Stapleton at 260 Elm Street, Cumming, Forsyth County, GA 30040.

15.

At all times pertinent hereto, Highlands Medical held itself out in the community as being a fully capable and competent medical practice, serving needs of patients in the Atlanta area such

5

as Adela Luquin Bermudez Ponce ("Ms. Ponce"), Baby Andrea's mother and Mr. Ponce's deceased wife.

16.

At all times pertinent hereto, Dr. Madhavan was an actual and/or ostensible agent, servant and/or employee of Highlands Medical, and acting in such capacity. As such Highlands Medical is liable to the Plaintiff for Dr. Madhavan's negligent acts as well as the negligent acts of other healthcare providers that treated Ms. Ponce as actual and/or ostensible agent, servant and/or employee of Dr. Madhavan.

17.

At all times pertinent hereto, each of the defendants enjoyed a medical treater/patient relationship with Mrs. Ponce; said defendants rendered and/or undertook to render medical treatment or care to her, and to her unborn fetus, Baby Andrea, acting individually or as actual and/or ostensible agents, servants and employees. Defendants had a legal duty to render such medical care in accordance with accepted medical standards.

18.

Jurisdiction and venue are properly before this Honorable Court. Venue is proper to all parties subject to O.C.G.A. § 9-10-31. Defendants are joint tortfeasors and/or joint obligors and accordingly, venue of this action in this Court is proper.

### FACTUAL ALLEGATIONS AND DEFENDANTS' NEGLIGENCE

19.

Plaintiff incorporates by reference all of the previous allegations in this Complaint.

20.

Ms. Ponce was pregnant with twins in 2007 and her pregnancy was primarily managed by Dr. Hackney and Clinica De La Mama.

21.

On behalf of Clinica De La Mama, several providers in addition to Dr. Hackney treated Ms. Ponce during this pregnancy. According to the medical records these providers have the initials "M.P" and "P.T." Other individuals treated Ms. Ponce on behalf of Clinica De La Mama whose initials in the medical records are not legible.

22.

Ms. Ponce suffered from Rheumatic fever during her pregnancy.

23.

Rheumatic fever carries with it a very high incidence of rheumatic heart disease, which involves injury to the valves of the heart. Pregnancies complicated by rheumatic heart disease are extremely high risk and therefore the standard of care for management of a woman such as Ms. Ponce requires a cardiac evaluation to assess damage to the heart associated with rheumatic fever.

24.

On September 21, 2007, Ms. Ponce was positive for Rheumatic fever was taking Bacillin. Ms. Ponce was treated by Dr. Madhavan and Highlands Medical for rheumatic fever and was treated with monthly Bacillin shots. Dr. Madhavan nor any of the other healthcare providers in the Highlands Medical group performed or ordered a cardiac evaluation of Ms. Ponce. The standard of care for a patient with the history and symptoms such as those presented by Ms.

Ponce required that a cardiac evaluation be performed. Therefore, Dr. Madhavan and the Highlands Medical group deviated from the standard of care by not conducting or ordering a cardiac evaluation of Ms. Ponce.

25.

Ms. Ponce's pregnancy ultimately concluded on March 10, 2008. At this point, Ms. Ponce's pregnancy was at approximately 38 weeks' gestation. Ms. Ponce experienced a cardiac arrest following reported nausea for a period of days. This led to performance of a stat cesarean section in the emergency department of Gwinnett Medical Center.

26.

Baby Andrea died as a result of a laceration to her body at the time of this cesarean section. The other twin, Camila A. Bermudez (Ponce) ("Baby Camilla") suffered a hypoxic/ischemic injury in connection with the birth which ultimately led to her death several months later. Likewise, Ms. Ponce suffered a hypoxic/ischemic injury which led to her death several months later.

27.

Dr. Hackney and the other medical providers at Clinica De La Mama knew or were obligated by the standard of care to know about Ms. Ponce's recent history of rheumatic fever, which was documented in her medical records.

28.

Dr. Hackney and the other medical providers at Clinica De La Mama did not request a cardiology consult or taken any other step to evaluate Ms. Ponce for cardiac damage in connection with rheumatic fever. Therefore, Dr. Hackney and the other medical providers at Clinica De La Mama deviated from the standard of care in their management of Ms. Ponce's

pregnancy by failing to request a cardiology consult or take other steps to evaluate Ms. Ponce for cardiac damage.

29.

Near the end of Ms. Ponce's pregnancy, and in particular on February 29, 2008, a consult was performed by Dr. Bootstaylor of Atlanta Perinatal Associates. Dr. Bootstaylor is an ob/gyn with subspecialty training in maternal-fetal medicine.

30.

To comport with the standard of care it was incumbent upon Dr. Bootstaylor to take a complete and adequate history of Ms. Ponce, which would include knowledge of rheumatic fever.

31.

Dr. Bootstaylor, according to the medical records, did not undertake any effort to evaluate Ms. Ponce's heart for evidence of injury in connection with rheumatic fever. Therefore, Dr. Bootstaylor, acting on behalf of Atlanta Perinatal Associates, deviated from the standard of care in failing to evaluate his patient for such heart damage.

32.

Pregnant patients with rheumatic heart disease are candidates for corrective surgery. This surgery, when performed, more likely than not prevents patients from experiencing cardiac arrests such as that suffered by Ms. Ponce on March 10, 2008. The standard of care would not permit a woman with uncorrected rheumatic heart disease to carry a pregnancy up to 38 weeks, particularly a twin pregnancy.

33.

Either corrective surgery or earlier termination of the pregnancy would have prevented Ms. Ponce from experiencing the cardiac arrest that occurred on March 10, 2008. Prevention of the cardiac arrest, to a reasonable degree of medical certainty, would have prevented both her as well as her two children from experiencing injury and death.

34.

At all times pertinent hereto, Ms. Ponce adhered to and followed the medical advice she was given. Ms. Ponce did nothing to cause or contribute to the injuries and ultimate death of herself, Baby Camilla or Baby Andrea.

35.

The combined negligence of the defendants were a cause or contributed to the injuries and death Ms. Ponce, Baby Camilla and Baby Andrea. Defendants are joint tortfeasors, and under the law of Georgia are jointly and severally liable for the death of Ms. Ponce, Baby Camilla and Baby Andrea.

36.

At the time of filing this action, an estate for Baby Andrea has not been established and therefore the statute of limitations for the estate's claims are tolled as a matter of law.

37.

Mr. Ponce, Baby Andrea's father and Ms. Ponce's husband, brings this action to recover for the full value of the life of Baby Andrea under Georgia's Wrongful Death Statute.

38.

Pursuant to O.C.G.A. § 9-11-9.1, this case has been reviewed by a qualified medical experts, who support the medical negligence claims as to each of the defendants in this action.

10

Attached hereto is a copy of the Affidavit of Melvyn Ravitz, M.D., along with Dr. Ravitz's Curriculum Vitae and medical records that he reviewed and a copy of the Affidavit of Glen Rosen, M.D, along with a Dr. Rosen's Curriculum Vitae and medical records that he reviewed. The Affidavits set forth, as required by the law, at least one act or omission of negligence as to each of the defendants which proximately caused or contributed to the minor plaintiff's injuries.

39.

To the extent that O.C.G.A. § 9-11-9.2 requires a medical authorization to be attached to the Plaintiff's Complaint, Plaintiff relies upon the decision of the Supreme Court of Georgia which holds that O.C.G.A. § 9-11-9.2 is expressly preempted by the Health Information Portability and Accountability Act of 1996. *Allen v. Wright*, 282 Ga. 9 (2007). In accordance with the Georgia Supreme Court's holding, Plaintiff contends that O.C.G.A. § 9-11-9.2 is null and void as being contrary to and in abrogation of Federal Law. Accordingly, a medical authorization is not attached to the Plaintiff's Complaint.

WHEREFORE, Plaintiff respectfully demands:

    a. Judgment in excess of $10,000 against the defendants and all costs of court in plaintiffs' favor;

    b. That Plaintiff recover for the full value of the life of Baby Andrea;

    b. TRIAL BY JURY;

    c. That Summons and process issue; and

    d. Such other and further relief as this Court deems just and fair.

This 10th day of March, 2010.

(SIGNATURE PAGE FOLLOWS)

**HARRIS PENN & LOWRY, LLP**

/s/ Darren W. Penn

---

Darren W. Penn
*Georgia Bar No. 571322*
Jed D. Manton
*Georgia Bar No. 868587*

The Biltmore, Suite 1105
817 West Peachtree Street
Atlanta, GA 30308
404-961-7650 (T)
404-961-7651 (F)

*Attorneys for Plaintiffs*