IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RAFAEL PONCE AGUIRRE,** | : | |
| **Individually and as the Natural and** | : | |
| **Sole Surviving Parent of ANDREA C.** | : | |
| **BERMUDEZ (PONCE), Deceased,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **vs.** | : | |
| | : | **1:10-CV-1386-JEC** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **WENDELL OLIVER HACKNEY, M.D.,:** | | |
| **CLINICA DE LA MAMA, INC.,** | : | |
| **BRAD BOOTSTAYLOR, M.D.,** | : | |
| **ATLANTA PERINATAL** | : | |
| **ASSOCIATES, P.C.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES OF <u>AMERICA'S MOTION TO DISMISS</u>

Plaintiff brings this action for medical malpractice and wrongful death alleging that various doctors and medical facilities were negligent in their care and treatment of his wife and that the negligent care resulted in the death of his infant daughter during an emergency caesarean section. This action was originally filed in the State Court of Fulton County against Drs. Wendell Oliver Hackney, Brad Bootstaylor and Swapna Madhavan as well as Clinica De La Mama, Inc., Atlanta

Perinatal Associates, P.C. and Georgia Highlands Medical Services, Inc.  Because Georgia Highlands Medical Services, Inc. is a  a federally supported health center covered by The Federally Supported Health Centers Assistance Act of 1992 (Pub. L. 102-501) and because Dr. Madhavan was an employee of the health center, both are eligible for coverage under the Federal Tort Claims Act.  Accordingly, the federal defendants removed the case to federal court on and then pursuant to 28 U.S.C. § 2679(d)(1) substituted the United States of America in place of the named federal defendants.  For the following reasons, the court should dismiss the case against the United States of America.

## II.  ARGUMENT AND CITATION OF AUTHORITIES

### A.     Motion to Dismiss Standard

Federal Courts have limited subject matter jurisdiction.  See Morrison v. Allstate Indemnity Company, 228 F.3d 1255, 1260-61 (11th Cir. 2000).  Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial attacks and factual attacks.  See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).  Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in

[plaintiff's] complaint are taken as true for the purposes of the motion." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).  Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." <u>Lawrence</u>, 919 F.2d at 1529.  This circuit has explained that in a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) "does not attach and the court is free to weigh te evidence . . . ." <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 960 (11th Cir. 1999); <u>see</u> <u>also</u> <u>Goodman v. Sipo</u>, 259 F.3d 1327, 1332 (11th Cir. 2000) (court may consider facts outside of the pleadings under Rule 12(b)(1) as part of the determination of whether subject matter jurisdiction exists).  The burden of proof on the issue of whether a federal court has subject matter jurisdiction is always on the party asserting jurisdiction. <u>See</u> <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 188-89, 56 S.Ct. 780, 785 (1936); <u>Sweet Pea Marine, LTD. v. APJ Marine, Inc.</u>, 411 F.3d 1242, 1247 (11th Cir. 2005).

"[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Scarfo</u>, 175 F.3d at 961. "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." <u>Goodman</u>, 259 F.3d

at 1332.

### B.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint

A court may exercise jurisdiction only when specifically authorized to do so, and must dismiss an action when it becomes apparent that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).  It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." United States v. Mitchell, 445 U.S. 535, 538 (1980)(quotation omitted); see also, Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

By enacting the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, Congress provided a waiver of sovereign immunity in certain cases. See Djordjevic v. Postmaster General, United States Postal Service, 911 F. Supp. 72, 74-75 (E.D.N.Y. 1995).  The FTCA's waiver of sovereign immunity is jurisdictional in nature, so that if the action is barred, the Court lacks subject matter jurisdiction over Plaintiffs' claim.  Pipkin v. USPS, 951 F.2d 272, 275 (10th Cir. 1991).  Because the FTCA constitutes a limited waiver of the sovereign immunity of the United States, the Court must strictly construe it in order to prevent expanding the waiver beyond what Congress intended.

Actions for alleged negligent or wrongful acts or omissions of federal employees come within the provisions of the FTCA, 28 U.S.C. §§ 2671-2680. Georgia Highlands Medical Services, Inc. has been deemed to be a federally funded health center, and as such, the Federally Supported Health Centers Assistance Act of 1992 (Pub. L. No. 102-501) designates it to be a federal employee under the FTCA. See 42 U.S.C. § 233 (1992). Also, Georgia Highlands Medical Services, Inc. as well as Dr Madhavan were certified as acting within the scope of their employment at the time of the acts alleged in plaintiff's complaint.

Under the provisions of the FTCA, an action shall not be instituted upon a claim against the United States for money damages caused by the negligent act of any federal employee acting within the scope of his or her employment unless the claimant first presents the claim to the appropriate federal agency and the claim is finally denied by the agency in writing. If the agency fails to make a final disposition of the claim within six months after it is filed, the claimant may at any time thereafter deem the claim denied. 28 U.S.C. § 2675(a).

The filing of an administrative claim pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to the commencement of a tort action in federal court against the United States. Brackin v. United States, 913 F.2d 858, 859 (11th Cir. 1990);

Davis v. Marsh, 807 F.2d 908, 911 (11th Cir. 1987); Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984); Crow v. United States, 631 F.2d 28, 30 (5th Cir. 1980). Furthermore, the administrative procedure required under the FTCA cannot be waived. Ducharme v. Merrell-National Laboratories, 574 F.2d 1307, 1311 (5th Cir.), cert. denied, 439 U.S. 1002 (1978).

Plaintiff has not filed an administrative claim for damages. See Declaration of Meredith Torres attached hereto. Consequently, Plaintiff's tort claims against the United States of America must be dismissed. See also Lykins, 725 F.2d at 647, quoting Employees Welfare Comm. v. Daws, 599 F.2d 1375, 1378 n.6 (5th Cir. 1976).

### CONCLUSION

For the foregoing reasons, the Court should dismiss the United States of America as a defendant in the case.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

S/ LISA D. COOPER
LISA D. COOPER
ASSISTANT U. S. ATTORNEY
Georgia Bar No. 186165
75 Spring Street, S.W., Ste. 600
Atlanta, Georgia  30303
(404)581-6249 tel/581-6150 fax

## **CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

/s Lisa D. Cooper
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 186165

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the foregoing <u>Defendant United States of America's Motion to Dismiss and Memorandum in Support Thereof</u> with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Jeffrey R. Harris
Darren W. Penn
Stephen G. Lowry
Harris Penn & Lowry, LLP
The Biltmore, Suite 1105
817 West Peachtree Street
Atlanta, GA 30308

Terrell W. Benton, III
J. Dean Taylor
Hall, Booth, Smith & Slover, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1740

Wayne D. McGrew III
Spencer A. Bomar
Carlock, Copeland & Stair, Llp
2600 Marquis II Tower
285 Peachtree Center Avenue
Atlanta, GA 30303

David Bryman
Bryman & Clerke
630 Village Trace, Building 15, Suite E
Marietta, GA 30067

This 14th day of May, 2010.

S/Lisa D. Cooper
LISA D. COOPER
Assistant U.S. Attorney